50 F.3d 21
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Edwina A. TODD, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3304.
 United States Court of Appeals, Federal Circuit.
 March 21, 1995.
 
 Before ARCHER, Chief Judge, SMITH, Senior Circuit Judge, and MICHEL, Circuit Judge.
 DECISION
 ARCHER, Chief Judge.
 
 
 1
 Edwina Todd (Todd) appeals from the decision of the Merit Systems Protection Board (MSPB or board), Docket No. DEO432920480-I-1,[1] dismissing Todd's appeal due to lack of jurisdiction. We affirm.
 
 BACKGROUND
 
 2
 Todd was employed in the position of Budget Analyst, GS-11, at the Phoenix, Arizona, Indian Health Service Office for over seventeen months. She was then transferred to the position of Budget Officer, GS-12, in the Billings, Montana, Indian Health Service Office. After just over nine months in that position, she was demoted to the position of Budget Analyst, GS-11, in the Billings office.
 
 
 3
 Todd appealed to the MSPB alleging that the demotion was wrongful. The administrative judge (AJ) noted possible lack of jurisdiction to hear Todd's appeal because she had completed only nine months of service in her new position and ordered the parties to submit evidence and argument on whether Todd was an "employee" within the meaning of 5 U.S.C. Sec. 7511(a)(1)(C)(i) and (ii) (Supp.1993). Under 5 U.S.C. Sec. 4303(e) (Supp.1993), an "employee" who has been reduced in grade is entitled to appeal to the MSPB. An employee is defined in Sec. 7511 to include an individual in the excepted service who has "completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less." 5 U.S.C. Sec. 7511(a)(1)(C)(i)-(ii) (emphasis added). Todd argued in her response that she was an employee under Sec. 7511 because the Budget Officer position in Billings and the Budget Analyst position in Phoenix were the "same or similar positions," and that she had served for more than two years in the two combined positions. She did not submit position descriptions for the two positions or otherwise show that the two positions were the same or similar.
 
 
 4
 In an initial decision, the AJ dismissed Todd's appeal because she had not proven that the position of Budget Analyst in Phoenix and the position of Budget Officer in Billings were the same or similar positions. The AJ found that the Budget Officer position had a higher grade level and that the Budget Officer position seemed to have supervisory/managerial authority that the other position did not have. The AJ, noting the absence of position descriptions for the two positions, further found that based on title and grade levels the Budget Officer position appeared to require a higher level of knowledge, skill and ability.
 
 
 5
 Todd then petitioned the full board for review and submitted copies of position descriptions for the Budget Officer position in Billings and the Budget Analyst position in Phoenix. She argued that a comparison of the position descriptions revealed that the duties and responsibilities of the positions are not significantly different. However, the board denied Todd's petition for review because it did not meet the criteria for review set forth at 5 C.F.R. Sec. 1201.115 (1994). Todd now appeals to this court.
 
 DISCUSSION
 
 6
 We must affirm a decision of the board unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c).
 
 
 7
 Todd had the burden of establishing jurisdiction. 5 C.F.R. Sec. 1201.56(a)(2) (1994). Although position descriptions were submitted with Todd's petition for review of the initial decision, there was no showing that they constituted new and material evidence which despite due diligence was unavailable before the record closed. 5 C.F.R. Sec. 1201.115. If Todd was having difficulty in obtaining the position descriptions, as she now alleges, she should have explained this when she petitioned the full board or in her response to the AJ's order. In the absence of new, material evidence, the board did not err in denying review. See, id.
 
 
 8
 Although Todd contends that the AJ incorrectly interpreted the statutory definition of same or similar positions, she does not establish any legal or factual error in the AJ's decision. Rather, the thrust of Todd's argument is that the board erred in failing to determine that the two positions were the same or similar. Todd had the burden of proving jurisdiction and did not submit position descriptions or other evidence to which she can point to show that the positions were the same or similar. We cannot say that the AJ's conclusion was incorrect.
 
 CONCLUSION
 
 9
 For the foregoing reasons we affirm the decision of the Merit Systems Protection Board.
 
 
 
 [1]
 The November 24, 1992, initial decision of the administrative judge became the final decision of the MSPB on March 12, 1993, when the MSPB denied Todd's petition for review